**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CANDIDO NEPTALI SORIANO PONCE,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-00964-DII** |
| | § | |
| **DONYOR MADAMINOV and TJ** | § | |
| **TRANSPORTATION LLC,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DISTRICT COURT
UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants Donyor Madaminov and TJ Transportation LLC's Motion to Dismiss, filed September 20, 2023 (Dkt. 8); Defendants' Motion to Set Hearing on Defendants' Motion to Dismiss, filed October 12, 2023 (Dkt. 9); Plaintiff Candido Neptali Soriano Ponce's Response, filed October 19, 2023 (Dkt. 11); and Defendants' Reply, filed October 20, 2023 (Dkt. 13). By Text Order entered November 1, 2023, the District Court referred the Motion to Dismiss to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Candido Neptali Soriano Ponce brought this personal injury action against Defendants Donyor Madaminov and TJ Transportation LLC in Texas state court on May 18, 2023. Plaintiff's Original Petition, Dkt. 1-1. Plaintiff is a Texas citizen, Madaminov is a South Carolina citizen, and TJ Transportation is a limited liability company, the sole member of which, Sultan Ismailov, is a

Missouri citizen. *Id.* at 2; Dkt. 15 ¶¶ 9-12. Defendants removed the case on August 16, 2023, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1.

Plaintiff alleges that he was a passenger in a truck hauling cattle in a trailer on May 18, 2021, in Lampasas, Texas. Dkt. 1-1 at 3. He alleges that Madaminov, driving a tractor-trailer for TJ Transportation, rear-ended the trailer while it was stopped at a street light, injuring him. *Id.* Plaintiff asserts negligence claims against Defendants. *Id.* at 3-4.

Defendants argue that Plaintiff's suit should be dismissed because Plaintiff did not serve them before the statute of limitations expired. Dkt. 8.

## II.   Legal Standards

### A.  Motion to Dismiss

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

Although the statute of limitations is "usually pled as an affirmative defense, '[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 302 (5th Cir. 2014) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the information considered is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

## B.  Statute of Limitations

Because this is a diversity case, Texas law controls whether Plaintiff satisfied the statute of limitations. *Ocwen Loan Servicing, L.L.C. v. Berry*, 852 F.3d 469, 473 (5th Cir. 2017). The statute of limitations for personal injury actions in Texas is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). A Texas plaintiff who files suit within the statute of limitations period but serves the defendant after it expires must have used "due diligence in procuring service on the defendant in order to toll the statute of limitations." *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992). After the defendant has shown that "service was effected after limitations expired, the burden shifts to the plaintiff 'to explain the delay.'" *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (quoting *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)).

Due diligence generally is a fact question, asking "whether the plaintiff acted as an ordinarily prudent person . . . and was diligent up until the time the defendant was served." *Id.* A lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for the delay or "the plaintiff's excuse conclusively negates diligence." *Saenz*, 951 F.2d at 667. If the plaintiff's excuse

raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to show it is insufficient. *Proulx*, 235 S.W.3d at 216.

### III.     Analysis

Plaintiff filed suit on May 18, 2023, the same day the statute of limitations expired. Defendants argue that Plaintiff's lawsuit is barred because he failed to serve notice of the lawsuit until August 9, 2023, almost three months later. Dkt. 8 at 2.

Plaintiff does not dispute that service occurred after the limitations period expired. He explains that he asked the state court to issue service on Madaminov by mail at the address listed on his commercial driver's license and through the Texas Department of Transportation, as permitted by TEX. CIV. PRAC. & REM. CODE § 17.062. Dkt. 11 at 1. Plaintiff also states that he requested service by mail on TJ Transportation at its registered agent's address on the Missouri Secretary of State's website. *Id.* at 3. He offers no information that he made any effort to serve Defendants after his initial request that the state court issue the citations. Dkt. 11 at 1.

Plaintiff provides two excuses for the delay in service. First, he argues that TJ Transportation failed to update the address of its registered agent with the Missouri Secretary of State, so any delay of service resulting from the incorrect address "has no bearing on Plaintiff's diligence in effecting service." *Id.* Second, Plaintiff's counsel was traveling abroad between July 17 and August 4 and "was in the process of reviewing the status of files" after his return when counsel for Defendants contacted him on August 10, 2023. *Id.* at 4.

Plaintiff's excuses do not explain why Defendants were not served in the two months between May 18 and July 17, 2023. *See Woldesilassie v. Bishop*, No. H-22-3672, 2023 WL 5660140, at *3 (S.D. Tex. Aug. 31, 2023) (finding due diligence not shown when the plaintiff did not explain his failure to request a summons until more than a week after filing suit or correct deficiencies in that

request for another month); *Hendrix v. Cornerstone Realty Income Tr.*, No. 3:06-CV-0596-AH, 2006 WL 2583215, at *4 (N.D. Tex. Aug. 30, 2006) (finding no due diligence when the plaintiff did not explain the a two-month delay between filing and service). Nor does TJ Transportation's alleged failure to maintain its registered agent's address relieve Plaintiff of his "ultimate responsibility of ensuring that the defendant is timely served." *Paredes*, 128 F. Supp. 2d at 1019. And service on TJ Transportation is not relevant to Plaintiff's service on Madaminov.

"[A]ny delay after the expiration of the limitations period is significant, whether one day or three months." *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1020 (W.D. Tex. 2000). Defendants have shown that service occurred outside the limitations period, and Plaintiff has not met his burden to explain "every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

This Magistrate Judge finds that Plaintiff has failed to show due diligence in service as a matter of law, and his claims against Defendants are barred by the statute of limitations. For these reasons, the Court finds that a hearing on Defendants' Motion to Dismiss is unnecessary.

## IV.   Order

The Court **DENIES** Defendants Donyor Madaminov and TJ Transportation LLC's Motion to Set Hearing on Defendants' Motion to Dismiss (Dkt. 9).

## V.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants Donyor Madaminov and TJ Transportation LLC's Motion to Dismiss (Dkt. 8) and **DISMISS** Plaintiff Candido Neptali Soriano Ponce's claims against them.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 26, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE