IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CANDIDO NEPTALI SORIANO PONCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-964-DII |
| | § | |
| DONYOR MADAMINOV and TJ | § | |
| TRANSPORTATION LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Candido Neptali Soriano Ponce's ("Plaintiff") motion for reconsideration (filed on March 11, 2024) of the Court's order (entered on February 12, 2024) adopting the report and recommendation from United States Magistrate Judge Susan Hightower, (R. & R., Dkt. 16), concerning Defendants Donyor Madaminov ("Madaminov") and TJ Transportation, LLC's ("TJ Transportation") (collectively, "Defendants") motion to dismiss Plaintiff's complaint, (Dkt. 8). (Order, Dkt. 17; Final Judgment, Dkt. 18). As of the date of this order, Defendants have not responded to Plaintiff's motion for reconsideration. *See* W.D. Tex. Loc. R. CV-7(e)(2). After considering Plaintiff's arguments, the record, and the relevant law, the Court denies the motion for reconsideration.

## I. BACKGROUND

Plaintiff brought this personal injury action against Defendants in Texas state court on May 18, 2023, the date the statute of limitations expired. (Plaintiff's Original Petition, Dkt. 1-1). Plaintiff is a Texas citizen; Madaminov is a South Carolina citizen; and TJ Transportation is a limited liability company, the sole member of which, Sultan Ismailov, is a Missouri citizen. (*Id.* at 2; Dkt. 15, ¶¶ 9–12). Defendants removed the case on August 16, 2023, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, Dkt. 1). Plaintiff alleged that he was a passenger in a

1

truck hauling cattle in a trailer on May 18, 2021 in Lampasas, Texas. (Plaintiff's Original Petition,

Dkt. 1-1 at 3). He alleged that Madaminov, driving a tractor-trailer for TJ Transportation, rear-ended

the trailer while it was stopped at a streetlight, injuring him. (*Id.*). Plaintiff asserted negligence claims

against Defendants. (*Id.* at 3–4). Defendants argued that Plaintiff's suit should be dismissed because

Plaintiff did not serve them before the statute of limitations expired. (Mot. Dismiss, Dkt. 8). Plaintiff

filed a response in opposition, (Dkt. 11), and Defendants replied, (Dkt. 13).

By Text Order entered on November 1, 2023, the Court referred the motion to dismiss to

United States Magistrate Judge Susan Hightower for a report and recommendation, pursuant to 28

U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local

Court Rules of the United States District Court for the Western District of Texas. Judge Hightower

issued her report and recommendation on January 26, 2024, recommending that the Court grant the

motion to dismiss due to Plaintiff's failure to show due diligence in serving Defendants after the

limitations period ended, (Dkt. 8). (R. & R., Dkt. 16). As of February 12, 2024, no party had filed

objections to the report and recommendation; accordingly, the Court adopted the report and

recommendation upon a review for clear error and granted Defendants' motion to dismiss the

complaint, (Dkt. 8). (Order, Dkt. 17; Final Judgment, Dkt. 18). 28 days later, Plaintiff filed his

motion for reconsideration of the Court's order adopting the report and recommendation, (R. & R.,

Dkt. 16), and granting Defendants' motion to dismiss, (Dkt. 8). (Order, Dkt. 17; Final Judgment,

Dkt. 18). As of the date of this order, Defendants have not responded to Plaintiff's motion for

reconsideration.

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for

reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "A

motion filed after judgment requesting that the court reconsider its decision in light of additional

evidence constitutes either a motion to 'alter or amend' under Fed. R. Civ. P. 59(e) or a motion for 'relief from judgment' under Fed. R. Civ. P. 60(b)." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The date when the relief-seeking party files the motion determines which rule applies: if the motion is filed within 28 days after the entry of final judgment, it is subject to Rule 59(e); otherwise, it is subject to Rule 60(b). *Id.*[1]

Rule 59(e) motions require the movant to show 1) a change in law; 2) newly discovered evidence that was previously unavailable; or 3) a manifest error of law or fact. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### III. DISCUSSION

Initially, because Plaintiff filed his motion within 28 days of the Court's entry of final judgment, it is subject to Rule 59(e). (*See* Mot. Reconsider., Dkt. 19); *Texas A&M Research Found.*, 338 F.3d at 400. Plaintiff also invokes Rule 59(e) in his motion. (Mot. Reconsider., Dkt. 19, at 1–4). Further, his motion for reconsideration submits proposed new evidence that Plaintiff asked the state

---

[1] *Texas A&M Research Foundation* discussed the 10-day period specified in the version of Rule 59(e) in effect when it was decided in 2003. 338 F.3d at 400. In 2009, Rule 59 was amended to extend the 10-day period to 28 days. Fed. R. Civ. P. 59 advisory committee's note to 2009 amendment. However, the logic of the *Texas A&M Research Foundation* rule still applies to the extended period.

court clerk to serve Defendants on July 15, 2023. (Dkt. 19; *see also* Exhibits 1, Dkt. 19-1).

Accordingly, Plaintiff seeks relief on this basis alone.[2]

The Court does not find good cause to vacate its previous judgment because Plaintiff's proposed new evidence is not a basis for doing so. This evidence was available to Plaintiff on the state court docket when he filed his response to the motion to dismiss on October 19, 2023. (Resp., Dkt. 11). Further, this evidence was also available to Plaintiff when Judge Hightower issued her report and recommendation on January 26, 2024, in which she recommended dismissal based on Plaintiff's failure to show due diligence in serving Defendants after the limitations period ended. (R. & R., Dkt. 16). However, Plaintiff did not file objections to the report and recommendation. Accordingly, this evidence is not a proper basis for a Rule 59(e) motion.

Not only was this ostensibly existing evidence not discovered between the Court's entry of judgment and Plaintiff's filing of this motion, but even if it had been presented at an earlier stage, it would fail on the merits. Plaintiff filed suit in Texas state court on the date the statute of limitations expired, May 18, 2023. (Plaintiff's Original Petition, Dkt. 1-1). Plaintiff's motion for reconsideration submits ostensibly new evidence that Plaintiff asked the state court clerk to serve Defendants on July 15, 2023. (Dkt. 19; *see also* Exhibits 1, Dkt. 19-1). Plaintiff was required to explain every delay in service after the limitations period ended. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). However, he has not explained why Defendants were not served between May 18, 2023 (the date he filed suit, which was also the date the statute of limitations expired) and July 17, 2023 (the date Plaintiff's counsel went on vacation). Accordingly, Plaintiff still has not provided any explanation for why he

---

[2] Plaintiff also asserts that a "manifest injustice" exists. (*See* Mot., Dkt. 19, at 3 (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). However, the Fifth Circuit typically does not use language about "the need to . . . prevent manifest injustice," *id.*, in the third prong of the Rule 59(e) standard, but rather, it usually employs language regarding the correction of "a manifest error of law or fact." *Alexander*, 867 F.3d at 597; *see also Waltman*, 875 F.2d at 473 (describing "manifest errors of law or fact"). Further, Plaintiff does not provide any argument regarding the asserted "manifest injustice." (*See* Mot., Dkt. 19 (failing to argue this point)).

delayed in asking the state court clerk to serve Defendants. *Sutton Place 1 Townhouse v. AmGuard Ins.*

*Co.*, 668 F. Supp. 3d 684, 698 (W.D. Tex. 2023) (finding no due diligence after plaintiff didn't

provide an explanation for failing to request service until five months after filing and two months

after the statute of limitations expired). Plaintiff carries the burden to show due diligence, and he has

not done do so. Accordingly, Plaintiff's motion for consideration must be denied because he does

not present a compelling reason for the "extraordinary remedy" of vacating a judgment. *See Templet*,

367 F.3d at 479.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for reconsideration,

(Dkt. 19), is **DENIED**.

**SIGNED** on April 9, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE